UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| METSA BOARD AMERICAS CORPORATION, NORCELL, INC., IGGESUND PAPERBOARD AB AND IGGESUND PAPERBOARD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PENN WAREHOUSING & DISTRIBUTION, INC.,<br><br>Defendant. | Civil Action No. |

Plaintiffs, by their attorneys, Duane Morris LLP, allege upon information and belief, as follows:

1. All and singular the following premises are true and constitute a claim within the Federal Rules of Civil Procedure and within the jurisdiction of the United States and of this Honorable Court. This Court has jurisdiction by virtue of 28 USC § 1332 based upon the diversity of the citizenship of the parties and is within the Court's Admiralty jurisdiction per 28 USC § 1333, and within Rule 9(h) of the Federal Rules of Civil Procedure. The amount in controversy exclusive of costs and interest is in excess of $75,000.

2. Venue and personal jurisdiction are appropriate in this Court under 28 U.S.C. §1391(b) because Defendant Penn Warehousing & Distribution Inc. is located in this District, and because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

3. At and during all the times hereinafter mentioned, Plaintiff Metsa Board Americas Corporation was and is a legal entity formed and existing under the laws of New York with an

office and place of business at 301 Merritt 7 # 2 Norwalk, CT 06851 and owned certain of the paper at issue herein.

4. At and during all the times hereinafter mentioned, Plaintiff NorCell, Inc. was and is a legal entity formed and existing under the laws of Delaware with an office and place of business at 2507 Post Road Southport, CT 06490 and owned certain of the paper at issue herein.

5. At and during all the times hereinafter mentioned, Plaintiff Iggesund Paperboard AB was and is a legal entity formed and existing under the laws of Sweden with an office and place of business at 825 30 Iggesund Gävleborg Sweden and owned certain of the paper at issue herein

6. At and during all the times hereinafter mentioned, Plaintiff Iggesund Paperboard, Inc. was and is a legal entity formed and existing under the laws of Georgia with an office and place of business at 1050 Wall Street Suite 640 Lyndhurst, NJ 07071 and owned certain of the paper at issue herein.

7. At and during all the times hereinafter mentioned, Defendant Penn Warehousing & Distribution, Inc. was and is a corporation under the laws of the Commonwealth of Pennsylvania with an office and place of business at 2147 South Columbus Boulevard Philadelphia, PA 19148 and the Port of Philadelphia and was and now is engaged in business as a terminal operator, public bailee or warehouseman of merchandise for hire.

8. Prior to June 8, 2015, Defendant accepted and received certain quantities of reams or rolls of paper for Plaintiffs' respective accounts as a public terminal, bailee or warehouseman, the paper then being in good order and condition.

9. Defendant then and there accepted the material delivered to it, and in consideration of certain agreed charges thereupon paid or agreed to be paid, agreed to store, care

for, handle and deliver the material in the same good order and condition as when delivered to and received by Defendant.

10. Thereafter, Defendant failed to make delivery of the paper in like good order and condition as when delivered to and received by it, but on the contrary, seriously injured, impaired in value an or destroyed, all in violation of Defendant's obligations and duties as bailee, warehouseman, terminal, or as the result of its breach of contract, negligence, gross negligence, willful misconduct, conversion or other wrongful and malicious conduct for which it is responsible.

11. Plaintiffs were the owners or insurers of the paper and brings this action on their own behalf and as agents or trustees on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

12. By reason of the premises, Plaintiffs have sustained damages, as nearly as the same can now be estimated, in a sum exceeding $1,000,000.

**WHEREFORE**, Plaintiffs pray:

That judgment be entered in favor of Plaintiffs against Defendant for the amount of Plaintiffs' damages in a sum exceeding $1,000,000, together with interest and costs, and the legal fees and costs of brining and maintaining this action and bad faith and punitive damages; and,

That the Court grant to Plaintiffs such other and further relief as may be just and proper.

 

|  |  |
|---|---|
|  | **DUANE MORRIS LLP**<br>A Delaware Limited Liability Partnership |
| Dated: March 7, 2016 | By:  /s/ Jeffrey S. Pollack (JSP5562)<br>Jeffrey S. Pollack (91888)<br>30 South 17th Street<br>Philadelphia, PA 19103-4196<br>Tel.: (215) 979-1299<br>Facsimile: (215) 689-4942<br>jspollack@duanemorris.com<br>Attorneys for Plaintiffs |